IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>NORFOLK SOUTHERN RAILWAY CO.<br><br>and<br><br>UNITED TRANSPORTATION UNION,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br><br>4 05CV01597CAS<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

FILED

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission (the "Commission") brings this action pursuant to the Age Discrimination in Employment Act to remedy the breach of a Conciliation Agreement resolving a charge filed with the Commission. The Commission alleges that it entered into a Conciliation Agreement with Defendant Norfolk Southern Railway Co. ("Defendant Railway") on November 21, 2000, in settlement of a charge filed by charging party, Arthur Barrett. The Commission further alleges that Defendant Railway breached the Conciliation Agreement by failing and refusing to abide by the terms thereof.

## JURISDICTION AND VENUE

1.　　Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),

which incorporates by reference of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. 216(c) and 217.

2. The breach of contract alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is authorized to bring this lawsuit pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Railway has continuously been a Virginia corporation doing business in the State of Missouri and has continuously had at least 20 employees.

5. At all relevant times, Defendant Railway has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

4. Defendant United Transportation Union ("the Union") is a party to a collective bargaining agreement with Defendant Railway and is therefore named as a party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure in that, in its absence, complete relief cannot be accorded among those already parties.

## STATEMENT OF CLAIMS

5.      On December 10, 1999, Arthur Barrett filed Charge No. 280A00341 with the Commission, alleging violations of the ADEA by Defendant. In his charge, Barrett alleged that he was denied employment as a conductor trainee because of his age.

6.      The Commission investigated Barrett's charge, and issued a determination letter dated July 28, 2000. In the determination letter, the Commission found that Defendant had violated the ADEA by failing and refusing to hire Barrett because of his age. The Commission thereafter successfully settled the claim through voluntary conciliation with Defendant Railway and Barrett. The terms of the settlement were memorialized in a "Conciliation Agreement" signed by Barrett on November 6, 2000, Defendant Railway on November 17, 2000, and the Commission on November 21, 2000. A true and correct copy of the Conciliation Agreement is attached hereto as Exhibit A and incorporated herein by reference.

7.      Under the terms of Conciliation Agreement, Defendant was required to offer the next available FTE position in Moberly, Missouri to Barrett, subject to his satisfactory completion of Defendant Railway's applicable background, medical, and drug screening requirements. The Conciliation Agreement further provided that Barrett's seniority would be determined in accordance with the applicable collective bargaining agreement. On August 8, 2002, Defendant breached the Conciliation Agreement by hiring a conductor trainee in Moberly, Missouri without first offering the position to Barrett. Defendant Railway subsequently hired Barrett on March 23, 2003.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

A.Order Defendant to make whole Arthur Barrett by providing him compensation for any past and future pecuniary losses resulting from the breach of the Conciliation Agreement attached hereto as Exhibit A, in amounts to be determined at trial.

B.Grant a judgment ordering Defendant Railway and the Union to adjust Arthur Barrett's seniority date to February 12, 2003, for all benefits and other employment purposes.

C.Grant such further relief as the Court deems necessary and proper in the public interest.

D.Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

ROBERT G. JOHNSON
Regional Attorney

4

_/s/ Barbara A. Seely_

BARBARA A. SEELY #10607
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916
(314) 539-7895 (Facsimile)
barbara.seely@eeoc.gov