Case: 4:05-cv-01597-CAS   Doc. #:  3   Filed: 10/11/05   Page: 1 of 5 PageID #: 16

Opportunity Commission v. Norfolk Southern Railway Co. et al  Case: 4:05-cv-01597-CAS   File Date: 10/06/2005   Doc #: 2.1   p: 1 of 5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NORFOLK SOUTHERN RAILWAY CO. | )   CIVIL ACTION NO.<br>)   4:05CV01597CAS |
| and | )<br>) |
| UNITED TRANSPORTATION UNION, | )<br>) |
| Defendants. | ) |

## CONSENT DECREE

### Introduction

Plaintiff Equal Employment Opportunity Commission (hereinafter the "Commission") has instituted this action alleging that Norfolk Southern Railway Co. (hereinafter "Norfolk Southern") breached a conciliation agreement entered into by Defendant Norfolk Southern and Plaintiff Commission which resolved a charge filed by Arthur Barrett with the EEOC against Defendant Norfolk Southern alleging age discrimination.

The Commission named the United Transportation Union (hereinafter "UTU") as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

Opportunity Commission v. Norfolk Southern Railway Co. et al Case: 4:05-cv-01597-CAS File Date: 10/06/2005 Doc #: 2.1 p: 2 of 5

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of the Age Discrimination in Employment Act will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

### I. General Provisions

1.  This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendants of any violation of the Age Discrimination in Employment Act or any executive order, law, rule or regulation dealing with or in connection with age discrimination in employment.

### II. Relief for Charging Party

2.  Within thirty (30) days of the entry of this Decree, Defendant Norfolk Southern shall forward to Arthur Barrett:

    a.  A check for back pay in the amount of $20,509.65, less any deductions for the employee's portion of Railroad Retirement taxes and applicable federal and state income tax withholdings;

    b.  A statement itemizing the deductions made from the back pay.

Case: 4:05-cv-01597-CAS   Doc. #:  3   Filed: 10/11/05   Page: 3 of 5 PageID #: 18

Opportunity Commission v. Norfolk Southern Railway Co. et al  Case: 4:05-cv-01597-CAS    File Date: 10/06/2005   Doc #: 2.1    p: 3 of 5

3. Within thirty (30) days of the entry of this Decree, Defendant Norfolk Southern shall adjust Arthur Barrett's seniority date on all applicable trainmen seniority rosters to February 12, 2003, with relative standing with other employees on such rosters with that same seniority date to be determined in accordance with the applicable collective bargaining agreements. Defendant UTU consents to such adjustment.

4. Norfolk Southern's obligation to provide Arthur Barrett the check described in paragraph 2 above is contingent upon (i) Barrett's execution and delivery to Norfolk Southern of the release attached hereto as Appendix A and (ii) the expiration of seven (7) days for Barrett to revoke the release in accordance with its terms.

5. Defendant shall forward copies of the check with the statement of deductions, referenced in paragraph 2 above, to the Regional Attorney, Equal Employment Opportunity Commission, 1222 Spruce, Room 8.100, St. Louis, Missouri 63103.

### III. Reporting

6. Within forty-five (45) days of the entry of this Decree, Defendant Norfolk Southern shall submit to the EEOC's Regional Attorney in its St. Louis District Office a revised seniority list or an equivalent document showing that Arthur Barrett's seniority date has been adjusted to February 12, 2003, as agreed to in Paragraph 3 above.

7. Each party shall bear its own costs.

DATE: 10/11/05

_____
UNITED STATES DISTRICT JUDGE

3

Case: 4:05-cv-01597-CAS   Doc. #: 3   Filed: 10/11/05   Page: 4 of 5 PageID #: 19

Opportunity Commission v. Norfolk Southern Railway Co. et al   Case: 4:05-cv-01597-CAS   File Date: 10/06/2005   Doc #: 2.1   p: 4 of 5

BY CONSENT:

| FOR DEFENDANT | FOR PLAINTIFF |
| NORFOLK SOUTHERN RAILWAY CO.: | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION: |

FOR DEFENDANT
NORFOLK SOUTHERN RAILWAY CO.:

FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION:

JAMES L. LEE
Deputy General Counsel

/s/ Mark Perreault
Mark Perreault
General Solicitor
Norfolk Southern Corporation
Three Commercial Place
Norfolk, VA 23510
(757) 629-2751

ROBERT G. JOHNSON
Regional Attorney

/s/ Barbara A. Seely
BARBARA A. SEELY #10607
Supervisory Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1222 Spruce St., Room 8.100
St. Louis, MO 63103
(314) 539-7916

Case: 4:05-cv-01597-CAS   Doc. #:  3   Filed: 10/11/05   Page: 5 of 5 PageID #: 20

Opportunity Commission v. Norfolk Southern Railway Co. et al   Case:  4:05-cv-01597-CAS    File Date: 10/06/2005    Doc #: 2.1    p: 5 of 5

FOR DEFENDANT
UNITED TRANSPORTATION UNION:


/s/ Kevin Brodar
Kevin Brodar
Associate General Counsel
United Transportation Union
14600 Detroit Ave.
Cleveland, OH 44107
(216) 228-9400

5